IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
Judge Christine M. Arguello

Civil Action No. 20-cv-01242-CMA-MEH

BRADLEY CROW,

    Plaintiff,

v.

DR. QUARLS LETO, in her individual capacity,
MICHELLE BERRY, and
ANGIE JULMY,

    Defendant.

---

## ORDER AFFIRMING MAGISTRATE JUDGE'S RECOMMENDATION

---

This matter is before the Court on the Recommendation of Magistrate Judge Hegarty (Doc. # 85) regarding Defendant Michelle Berry's Motion to Dismiss Under Fed. R. Civ. P. 12(b)(6). (Doc. # 47). Judge Hegarty recommends granting the Motion and dismissing the claims against Berry with prejudice. For the following reasons, the Court affirms and adopts the Recommendation.

### I.     BACKGROUND

This is a 42 U.S.C. § 1983 action involving alleged violations of the Eighth Amendment prohibition on cruel and unusual punishment. (Doc. # 13, p. 4). Plaintiff, Bradley Crow, is an inmate at Sterling Correctional Facility. (Doc. # 13, p. 2). In March 2019, Crow underwent hip replacement surgery. (Doc. # 13, p. 5). After the surgery, Crow developed an infection, which led to complications. (Doc. # 13, p. 5). Crow now

1

claims that, as a result of the infection, he is wheelchair bound and unable to walk. (Doc. # 13, p. 4).

Crow is suing two of the healthcare providers involved in his care: Dr. Quarles Leto and Nurse Michelle Berry.[1] (Doc. # 13, p. 2). Crow alleges that these providers neglected his infection and allowed his medical condition to worsen. (Doc. # 13, pp. 4-7). Crow argues that this neglect amounted to cruel and unusual punishment in violation of the Eighth Amendment (Doc. # 13, pp. 4-5).

One of the Defendants, Michelle Berry, moved to dismiss the claims against her under F.R.C.P. 12(b)(6). (Doc. # 47). Berry argues that Crow's Complaint fails to state a plausible Eighth Amendment claim because (1) it failed to allege that she acted with "deliberate indifference," an essential element of Eighth Amendment claims against healthcare providers; and (2) Berry is entitled to qualified immunity as a public employee. This Court referred the Motion to Magistrate Judge Hegarty. (Doc. # 85).

Judge Hegarty issued a written Recommendation, in which he recommends dismissing the claims against Berry. (Doc. # 85, pp. 9-11). Judge Hegarty notes that, while Crow alleges that he received inadequate medical treatment, he has failed to show that Berry treated him with the "deliberate indifference" necessary to sustain an Eighth Amendment claim. (Doc. # 85, p. 11).

Crow did not file a timely objection to Judge Hegarty's recommendation. However, on May 5, 2020 – about three months after objections were due – Crow filed a

---

[1] A third defendant, nurse Angel Julmy, was dismissed without prejudice on November 18, 2020. (Doc. # 62, p. 2).

"Motion to Reconsider Defendant Berry's Motion to Dismiss." (Doc. # 105). Crow argues he was denied access to the law library around the time Judge Hegarty issued his recommendation, and that he was therefore unable to provide further evidence to support his allegations. (Doc. # 105, p. 2). Crow also asserts that he has not been provided pro bono counsel, even though Judge Hegarty ordered appointment of pro bono counsel in November of last year. (Doc. # 105, p. 2). For these reasons, Crow contends, the Court should reject Judge Hegarty's Recommendation and allow his claims against Berry to proceed.

## II.  LEGAL STANDARD

### A.  STANDARD OF REVIEW – MAGISTRATE JUDGE'S RECOMMENDATION

Under 28 U.S.C. § 636(a)(1)(B), this Court may designate a magistrate judge to consider dispositive motions and submit recommendations to the Court. When a magistrate judge submits a recommendation, the Court must "determine *de novo* any part of the magistrate judge's [recommended] disposition that has been properly objected to." F.R.C.P. 72(b)(3). In the absence of a timely objection, however, "the district court may review a magistrate [judge's] report under any standard it deems appropriate." *Summers v. Utah*, 927 F.2d 1165, 1167 (10th Cir. 1991).

### B.  DISMISSAL STANDARD

The purpose of a motion to dismiss under Fed. R. Civ. P. 12(b)(6) is to test the sufficiency of the plaintiff's complaint. *Sutton v. Utah State Sch. for the Deaf & Blind*, 173 F.3d 1226, 1236 (10th Cir. 2008). "To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is

plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). Plausibility, in the context of a motion to dismiss, means that the plaintiff pleaded facts that allow "the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id*.

To determine whether a complaint states a plausible claim for relief, courts apply the two-step analysis outlined in *Twombly*: First, the court must identify "the allegations in the complaint that are not entitled to the assumption of truth," that is, those allegations which are legal conclusions, bare assertions, or merely conclusory. *Id*. at 679–80. Second, a court must consider the factual allegations "to determine if they plausibly suggest an entitlement to relief." *Id.* at 681. If the allegations state a plausible claim for relief, then the claim survives the motion to dismiss. *Id.* at 680.

Plausibility refers "to the scope of the allegations in a complaint: if they are so general that they encompass a wide swath of conduct, much of it innocent, then the plaintiffs 'have not nudged their claims across the line from conceivable to plausible.'" *S.E.C. v. Shields*, 744 F.3d 633, 640 (10th Cir. 2014) (quoting *Khalik v. United Air Lines*, 671 F.3d 1188, 1191 (10th Cir. 2012)). "The nature and specificity of the allegations required to state a plausible claim will vary based on context." *Safe Streets All. v. Hickenlooper*, 859 F.3d 865, 878 (10th Cir. 2017) (quoting *Kan. Penn Gaming, LLC v. Collins*, 656 F.3d 1210, 1215 (10th Cir. 2011)). Thus, while the Rule 12(b)(6) standard does not require that a plaintiff establish a prima facie case in a complaint, the elements of each alleged cause of action may help to determine whether the plaintiff has set forth a plausible claim. *Khalik*, 671 F.3d at 1191.

However, "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Iqbal*, 556 U.S. at 678. The complaint must provide "more than labels and conclusions" or merely "a formulaic recitation of the elements of a cause of action," so that "courts 'are not bound to accept as true a legal conclusion couched as a factual allegation.'" *Twombly*, 550 U.S. at 555 (quoting *Papasan v. Allain*, 478 U.S. 265, 286 (1986)). "Determining whether a complaint states a plausible claim for relief will . . . be a context-specific task that requires the reviewing court to draw on its judicial experience and common sense." *Iqbal*, 556 U.S. at 679. "[W]here the well-pleaded facts do not permit the court to infer more than the mere possibility of misconduct," the complaint has made an allegation, "but it has not shown that the pleader is entitled to relief." *Id*. (internal quotation omitted).

**C.     CONSTRUCTION OF PRO-SE PLEADINGS**

The Court must construe pro-se pleadings liberally. *Hall v. Bellmon*, 935 F. 2d 1106, 1110 (10th Cir. 1991). In other words, "if the if the court can reasonably read the pleadings to state a valid claim on which the plaintiff could prevail, it should do so despite the plaintiff's failure to cite proper legal authority, his confusion of various legal theories . . . or his unfamiliarity with the pleading requirements." *Id*. However, the Court should not act as a pro-se litigant's advocate, and it may not "supply additional factual allegations to round out a plaintiff's complaint or construct a legal theory on a plaintiff's behalf." *Whitney v. New Mexico*, 113 F.3d 1170, 1173–74 (10th Cir.1997).

## III.  ANALYSIS

### A.  TIMELINESS OF PLAINTIFF'S OBJECTION

As an initial matter, the Court must decide whether to consider Crow's objection to Judge Hegarty's Recommendation. Objections to a magistrate judge's recommendation are generally due within 14 days after the recommendation is issued. F.R.C.P. 72(b)(1). Crow did not file an objection in this timeframe, despite being advised of the deadline by Judge Hegarty. (Doc. # 85, p. 12, n. 1). However, on May 5, 2021, Crow filed a "Motion to Reconsider" challenging Judge Hegarty's Recommendation. (Doc. # 105). Crow's motion is, in substance, an objection to Judge Hegarty's recommendation, and the Court will treat it as such. (Hereinafter, Doc. # 105 will be referred to as the "Objection").

A party who fails to file a timely object to a magistrate judge's recommendation may waive the right to de novo review by the district court judge. *U.S. v. Raddatz*, 447 U.S. 667, 676-83 (1980); 28 U.S.C. § 636(b)(1). However, Plaintiff asserts that he did not have access to the law library at the time the Recommendation was issued and his ability to respond to the Recommendation was "[h]indered." (Doc. # 105, p. 2). Based on this representation, the Court will accept Crow's objection as filed and address the substance of his arguments.

### B.  PLAINTIFF'S PROCEDURAL OBJECTIONS TO DISMISSAL

Crow's Objection does not specifically identify any errors in Judge Hegarty's Recommendation. Crow argues, however, that at the time Judge Hegarty made his recommendation, Crow was being denied access to the law library, segregated from the

general prison population, and confined to his cell. (Doc. # 105, p. 1). He argues that, had he not been so restricted, he could have obtained additional medical records to support his claims. (Doc. # 105, p. 2). Crow also complains that he has not yet been appointed counsel, even though Judge Hegarty granted his request for pro bono counsel in November of last year. (Doc. # 105, p. 1). Crow's arguments do not provide a basis for rejecting Judge Hegarty's Recommendation.

Inmates have a constitutional right of access to the courts. *Lewis v. Casey*, 518 U.S. 343, 346 (1996). This includes a right of access to law libraries. *Id.* However, not every restriction on library access infringes on the inmate's constitutional rights. *Id.* at 348-49. To establish an unconstitutional infringement on his right of access, the inmate must demonstrate "actual injury" resulting from restricted access. *Id.* at 349. Crow has failed to do so.

First, assuming that Crow's allegations are true, Crow has failed to establish that the alleged restrictions interfered with his ability to plead a plausible cause of action. Crow asserts that his law library access was restricted only at the time that Judge Hegarty issued his Recommendation; not at the time he filed his Amended Complaint, his response to Berry's Motion to Dismiss, or his Objection. (Doc. # 105, p. 2). Thus, there is no reason to believe the alleged restrictions on Crow's library access impacted his Complaint, or Judge Hegarty's Recommendation, in any way.

Next, even if the alleged restrictions did impact Crow's ability to gather relevant medical records, Crow has nevertheless failed to establish a connection between his lack of access to medical records and Judge Hegarty's dismissal recommendation. A

7

motion to dismiss tests the sufficiency of the plaintiff's complaint, not the sufficiency of the plaintiff's evidence. *Sutton*, 173 F.3d at 1236. When deciding a motion to dismiss, courts ask not whether the plaintiff has enough evidence to prove his case, but merely whether the allegations in the complaint, accepted as true, "state a claim to relief that is plausible on its face." *Twombly*, 550 U.S. at 570. Applying this standard, Judge Hegarty determined that Crow's allegations were not sufficient. Although Judge Hegarty reviewed and considered the medical records that Crow had incorporated by reference into the Complaint, Judge Hegarty did not weigh the evidence or make a determination as to whether Crow could prove his case on the merits. Rather, he merely asked whether the allegations, including the facts contained in the medical records that were incorporated into the Complaint, stated a plausible claim for relief. Finding that they did not, Judge Hegarty recommended dismissal. The Court finds no error in Judge Hegarty's decision to address the merits of Berry's Motion without awaiting further medical records.

Finally, the fact that Crow has not obtained pro bono counsel does not compel a different conclusion. Judge Hegarty granted Plaintiff's request for pro bono counsel on November 18, 2020. (Doc. # 62). To date, no attorney has accepted this case for pro bono representation. (Doc. # 84). While the district court may request an attorney to represent an indigent plaintiff, 28 U.S.C. § 1915(e)(1), the fact that no attorney will take the case does not bar dismissal. Therefore, the Court rejects Crow's objections.

**C. SUBSTANTIVE REVIEW OF DISMISSAL RECOMMENDATION**

Because Crow's Objection does not identify any other errors in Judge Hegarty's Recommendation, the Court reviews the remainder of Judge Hegarty's conclusions for clear error. *Summers*, 927 F.2d at 1167. The Court finds none.

    a.    <u>Additional Background</u>

Crow's Complaint alleges that Dr. Leto and Nurse Berry "refused to provide [him] with adequate[e] medic[al] attention to prevent catastrophic failure of [his] hip replacement." (Doc. # 13, p. 4). Specifically, Crow asserts that he advised Berry and Leto that he was experiencing signs of infection – including pain, wound drainage, and fever – but Defendants did not believe him. (Doc. # 13, p. 4). He claims that Defendants called him a hypochondriac and a liar, and when Plaintiff became febrile, Berry and Leto accused him of manipulating the thermometer. (Doc. # 13, p. 4).

    b.    <u>Legal Standard</u>

"Prison officials violate the Eighth Amendment's prohibition against cruel and unusual punishment when they act deliberately and indifferently to serious medical needs of prisoners in their custody." *Hunt v. Uphoff*, 199 F.3d 1220, 1224 (10th Cir. 1999). The Tenth Circuit recognizes two types of conduct constituting deliberate indifference. "First, a medical professional may fail to treat a serious medical condition properly." *Sealock v. Colorado*, 218 F.3d 1205, 1211 (10th Cir. 2000). To establish this type of deliberate indifference, the plaintiff must show that the defendant knew that the plaintiff "faced a substantial risk of harm and disregarded that risk, 'by failing to take reasonable measures to abate it.'" *Hunt*, 199 F.3d at 1224 (quoting *Farmer v. Brennan*,

511 U.S. 825, 837 (1994)). "[T]he negligent failure to provide adequate medical care, even one constituting medical malpractice, does not give rise to a constitutional violation." *Self v. Crum*, 439 F.3d 1227, 1230 (10th Cir.2006).

"The second type of deliberate indifference occurs when prison officials prevent an inmate from receiving treatment or deny him access to medical personnel capable of evaluating the need for treatment." *Id*. "Ordinarily, a medical professional will not be liable for this second kind of deliberate indifference, because [s]he is the person who provides the treatment." *Id*. However, if the defendant served as a "gatekeeper" for other medical personnel capable of treating the condition and delayed or refused to fulfill that gatekeeper role due to deliberate indifference, she may be liable for deliberate indifference from denying access to medical care. *Id*.

c. Analysis

Judge Hegarty determined that Crow failed to establish either type of deliberate indifference recognized by the Tenth Circuit. The Recommendation notes that, although Crow complains that Berry accused him of malingering and noncompliance, "he does not establish how matters of treatment noncompliance, malingering, or other behaviors that interfere with treatment fall outside the scope of medical judgment and decision-making." (Doc. # 85, p. 9). Further, Judge Hegarty concluded, the "gatekeeper" argument does not apply to Berry because "Nurse Berry did not bar access to treatment; she was part of the treating team." Having reviewed Plaintiff's Complaint and related pleadings thoroughly, the Court agrees with both of Judge Hegarty's conclusions.

Though Crow's allegations might support a claim of negligence, they do not support an Eighth Amendment claim. Crow's Complaint fails to establish that Berry knew of and disregarded "an excessive risk to inmate health and safety." *Farmer* 511 U.S. at 837 (1994) (internal quotation omitted). Rather, as Judge Hegarty notes, "Plaintiff concedes that medical care (lab tests, antibiotic medication, and a physical check of leg movement) were provided in response to his infection concerns." (Doc. # 85, p. 9). Additionally, Crow fails to establish that Berry limited Crow's access to treatment, and he has therefore failed to plead a claim of deliberate indifference on a "gatekeeper" liability theory. Plaintiff's Complaint therefore fails to establish deliberate indifference, and it is subject to dismissal.[2]

## IV. CONCLUSION

For the foregoing reasons, the Court AFFIRMS Judge Hegarty's Recommendation (Doc. # 85) and ADOPTS the Recommendation as an order of this Court. Defendant Michelle Berry's Motion to Dismiss (Doc. # 47) is GRANTED, and Plaintiffs' claims against Berry are DISMISSED WITHOUT PREJUDICE.

DATED: May 25, 2021

BY THE COURT:

CHRISTINE M. ARGUELLO
United States District Judge

---

[2] Judge Hegarty also concluded that Nurse Berry is entitled to qualified immunity. Because Plaintiff's failure to establish deliberate indifference is, by itself, ground for dismissal, the Court will not address qualified immunity.