**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF COLORADO**
**Judge Christine M. Arguello**

Civil Action No. 20-cv-01242-CMA-MEH

BRADLEY CROW,

     Plaintiff,

v.

DR. LETO QUARLES,

     Defendant.

---

**ORDER AFFIRMING MAGISTRATE JUDGE'S RECOMMENDATION**

---

This matter is before the Court on the Recommendation of Magistrate Judge Hegarty (Doc. # 174), wherein Judge Hegarty recommends granting Defendant Leto Quarles's Partial Motion to Dismiss (Doc. # 151) and denying Plaintiff's Motion to Amend the Complaint (Doc. # 166). For the following reasons, the Court affirms and adopts the Recommendation.

## I.    <u>BACKGROUND</u>

This is a 42 U.S.C. § 1983 action involving alleged violations of the Eighth Amendment prohibition on cruel and unusual punishment. (Docs. ## 13, 138). Plaintiff, Bradley Crow, was an inmate at Sterling Correctional Facility.[1] (Doc. # 13, p. 2). In March 2019, Crow underwent hip replacement surgery. (Doc. # 13, p. 5). After the

---

[1] Crow was released from detention after he filed this lawsuit. (*See* Doc. # 200).

surgery, Crow developed an infection, which led to complications. (Doc. # 13, p. 5). Crow is now suing one of his doctors, Dr. Leto Quarles,[2] alleging that Dr. Quarles failed to appropriately address the infection and allowed his medical condition to worsen. (Doc. # 13, pp. 4-7). Crow argues that this neglect amounted to cruel and unusual punishment in violation of the Eighth Amendment (Doc. # 13, pp. 4-5).

Dr. Quarles now moves to dismiss the Complaint (Doc # 151), and Crow moves to amend the Complaint (Doc. # 166). This Court referred both motions to Judge Hegarty, who recommends granting the Motion to Dismiss and denying the Motion to Amend. (Doc. # 174).

## II.   LEGAL STANDARD

### A.   STANDARD OF REVIEW – MAGISTRATE JUDGE'S RECOMMENDATION

Under 28 U.S.C. § 636(a)(1)(B), this Court may designate a magistrate judge to consider dispositive motions and submit recommendations to the Court. When a magistrate judge submits a recommendation, the Court must "determine *de novo* any part of the magistrate judge's [recommended] disposition that has been properly objected to." F.R.C.P. 72(b)(3). In the absence of a timely objection, however, "the district court may review a magistrate [judge's] report under any standard it deems appropriate." *Summers v. Utah*, 927 F.2d 1165, 1167 (10th Cir. 1991).

---

[2] Two other defendants, nurses Michelle Berry and Angel Julmy, have already been dismissed from this case. (Docs. # 62, 111).

**B.     DISMISSAL STANDARD**

The purpose of a motion to dismiss under Fed. R. Civ. P. 12(b)(6) is to test the sufficiency of the plaintiff's complaint. *Sutton v. Utah State Sch. for the Deaf & Blind*, 173 F.3d 1226, 1236 (10th Cir. 2008). "To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). Plausibility, in the context of a motion to dismiss, means that the plaintiff pleaded facts that allow "the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id*.

To determine whether a complaint states a plausible claim for relief, courts apply the two-step analysis outlined in *Twombly*: First, the court must identify "the allegations in the complaint that are not entitled to the assumption of truth," that is, those allegations which are legal conclusions, bare assertions, or merely conclusory. *Id*. at 679–80. Second, a court must consider the factual allegations "to determine if they plausibly suggest an entitlement to relief." *Id.* at 681. If the allegations state a plausible claim for relief, then the claim survives the motion to dismiss. *Id.* at 680.

Plausibility refers "to the scope of the allegations in a complaint: if they are so general that they encompass a wide swath of conduct, much of it innocent, then the plaintiffs 'have not nudged their claims across the line from conceivable to plausible.'" *S.E.C. v. Shields*, 744 F.3d 633, 640 (10th Cir. 2014) (quoting *Khalik v. United Air Lines*, 671 F.3d 1188, 1191 (10th Cir. 2012)). "The nature and specificity of the allegations required to state a plausible claim will vary based on context." *Safe Streets All. v.*

*Hickenlooper*, 859 F.3d 865, 878 (10th Cir. 2017) (quoting *Kan. Penn Gaming, LLC v. Collins*, 656 F.3d 1210, 1215 (10th Cir. 2011)). Thus, while the Rule 12(b)(6) standard does not require that a plaintiff establish a prima facie case in a complaint, the elements of each alleged cause of action may help to determine whether the plaintiff has set forth a plausible claim. *Khalik*, 671 F.3d at 1191.

However, "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Iqbal*, 556 U.S. at 678. The complaint must provide "more than labels and conclusions" or merely "a formulaic recitation of the elements of a cause of action," so that "courts 'are not bound to accept as true a legal conclusion couched as a factual allegation.'" *Twombly*, 550 U.S. at 555 (quoting *Papasan v. Allain*, 478 U.S. 265, 286 (1986)). "Determining whether a complaint states a plausible claim for relief will . . . be a context-specific task that requires the reviewing court to draw on its judicial experience and common sense." *Iqbal*, 556 U.S. at 679. "[W]here the well-pleaded facts do not permit the court to infer more than the mere possibility of misconduct," the complaint has made an allegation, "but it has not shown that the pleader is entitled to relief." *Id*. (internal quotation omitted).

## C.   CONSTRUCTION OF PRO-SE PLEADINGS

The Court must construe pro-se pleadings liberally. *Hall v. Bellmon*, 935 F. 2d 1106, 1110 (10th Cir. 1991). In other words, "if the if the court can reasonably read the pleadings to state a valid claim on which the plaintiff could prevail, it should do so despite the plaintiff's failure to cite proper legal authority, his confusion of various legal theories . . . or his unfamiliarity with the pleading requirements." *Id*. However, the Court

4

should not act as a pro-se litigant's advocate, and it may not "supply additional factual allegations to round out a plaintiff's complaint or construct a legal theory on a plaintiff's behalf." *Whitney v. New Mexico*, 113 F.3d 1170, 1173–74 (10th Cir.1997).

## III.   ANALYSIS

Crow alleges that Dr. Quarles violated the Eighth Amendment's prohibition on cruel and unusual punishment. (Docs. ## 13, 138). Judge Hegarty concluded that Crow failed to plausibly allege an Eighth Amendment violation because he failed to allege that Dr. Quarles consciously disregarded a substantial risk of serious harm in his treatment of Crow. (Doc. # 174). Judge Hegarty also concluded that it would be futile to allow Crow to amend his complaint, and that the case should be dismissed with prejudice. (Doc. # 174). The Court agrees.

"Prison officials violate the Eighth Amendment's prohibition against cruel and unusual punishment when they act deliberately and indifferently to serious medical needs of prisoners in their custody." *Hunt v. Uphoff*, 199 F.3d 1220, 1224 (10th Cir. 1999). To establish deliberate indifference, the plaintiff must show that the defendant knew that the plaintiff "faced a substantial risk of harm and disregarded that risk, 'by failing to take reasonable measures to abate it.'" *Hunt*, 199 F.3d at 1224 (quoting *Farmer v. Brennan*, 511 U.S. 825, 837 (1994)). "[T]he negligent failure to provide adequate medical care, even one constituting medical malpractice, does not give rise to a constitutional violation." *Self v. Crum*, 439 F.3d 1227, 1230 (10th Cir.2006).

Crow has failed to establish deliberate indifference on the part of Dr. Quarles. Crow fails to allege that Dr. Quarles disregarded any known risk to Plaintiff, and Crow in

fact concedes that Dr. Quarles provided treatment to address his infection. Rather Crow's Complaint indicates that Crow simply disagrees with the treatment provided. A difference of opinion over what the course of treatment should have been or how a doctor should have handled a condition does not state a constitutional violation. A prisoner cannot meet the subjective prong of a deliberate indifferent claim if the defendant was merely exercising her "considered medical judgment." *Self*, 439 F.3d at 1232. Therefore, Judge Hegarty correctly concluded that Crow's claims against Dr. Quarles are subject to dismissal.

In response to Judge Hegarty's Recommendation, Crow filed two objections: one titled "Motion to Objection to Dismissal (Doc. # 181) and another titled "Motion [to] Reconsider With to Without Prejudice." (Doc. # 187). Neither objection offers any meaningful challenge to Judge Hegarty's Recommendation. Rather, Crow states that he has been released from custody and asks that the Court give him until November 7 to retain counsel and file an amended complaint. (Doc. # 181, p. 2; Doc. # 187). That deadline has come and gone without any appearance of counsel. Further, Crow has failed to provide any valid basis for amending his Complaint. Although leave to amend should be freely granted when "justice so requires," F.R.C.P. 15, the Court need not grant leave to amend if "it is patently obvious that plaintiff could not prevail on the facts alleged, and allowing him an opportunity to amend his complaint would be futile." *Curley v. Perry*, 246 F.3d 1278, 1281–82 (10th Cir. 2001) (*quoting Hall*, 935 F.2d at 1110). Both this Court and Judge Hegarty have taken an expansive view of Crow's allegations and construed them in the light most favorable to Crow. Even under a liberal reading,

however, Crow has failed to state a valid federal claim against Dr. Quarles. Having reviewed the entirety of the record, the Court agrees with Judge Hegarty that it would be futile to allow Plaintiff to amend his Complaint. The Court therefore affirms Judge Hegarty's Recommendation, dismisses this case with prejudice, and denies Plaintiff's request to amend his Complaint.

## IV.   CONCLUSION

For the foregoing reasons, the Court AFFIRMS Judge Hegarty's Recommendation (Doc. # 174) and ADOPTS the Recommendation as an order of this Court.  It is

ORDERED that Defendant Leto Quarles's Motion to Dismiss (Doc. # 151) is GRANTED, and Plaintiff's claims against Dr. Quarles are DISMISSED WITH PREJUDICE.  It is

FURTHER ORDERED that Plaintiff's Motion for Leave to Amend (Doc. # 166) is DENIED.  It is

FURTHER ORDERED that Defendant's Motion for Reconsider With to Without Prejudice (Doc. # 187) is DENIED.

The Clerk is directed to close this case.

DATED: December 2, 2021

BY THE COURT:

CHRISTINE M. ARGUELLO
United States District Judge